IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN HORNER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0665-D |
| | § | |
| AMERICAN AIRLINES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Kevin Horner, Charles Hartman, and John Krakowski (collectively, "plaintiffs")—three former Trans World Airlines ("TWA") pilots who became employee-pilots of defendant American Airlines, Inc. ("American") after American acquired TWA—seek a temporary restraining order ("TRO") restraining the hearing of the arbitration of grievances submitted by defendant Allied Pilots Association ("APA") on behalf of four other pilots.[1] The grievances relate to Supplement C to the collective bargaining agreement ("CBA") between American and APA, and are consolidated for a hearing scheduled to begin on March 14, 2017 before arbitrator Richard Bloch ("Arbitrator Bloch").[2] Plaintiffs have filed their own grievances related to Supplement C, and they contend that the forthcoming

---

[1]In a first amended complaint for declaratory and injunctive relief filed today, Keith Bounds has been added as a plaintiff. Plaintiffs' reply brief in support of their TRO, also filed today, identifies the original three plaintiffs as the ones seeking a TRO.

[2]Arbitrator Bloch has been designated as the System Board under the Railway Labor Act.

arbitration proceeding before Arbitrator Bloch violates the CBA and will irreparably injure them.  The court denies the motion.[3]

I

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction."  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.).  "The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders."  *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (quoting *Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011)).  A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction.  *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)).  Therefore, plaintiffs must establish four elements to obtain the requested TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to him if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and

---

[3]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

(4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC,* 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citing *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir. 1985)). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones*, 122 F.Supp.2d at 718 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light*, 760 F.2d at 621.

## II

The court finds and concludes from the record and arguments presented[4] that plaintiffs have failed to clearly carry their burden of establishing a substantial likelihood of success on

---

[4]The court is deciding plaintiffs' motion on the papers. Defendants responded to plaintiffs' motion on March 10, 2017. Plaintiffs filed their reply brief on March 13, 2017, and the motion is ripe for determination.

the merits.  Plaintiffs acknowledge in their opening memorandum that this is a minor dispute under the Railway Labor Act ("RLA").  *See* Ps. Mem. 16 & n.1.  Despite the grounds presented in their opening and reply briefs, however, they have failed to demonstrate that this case involves the "extremely narrow" circumstances in which this court has jurisdiction over a minor dispute.  *See Int'l Bhd. of Teamsters v. Sw. Airlines Co.*, 875 F.2d 1129, 1136 (5th Cir. 1989).  As the Fifth Circuit noted in *Southwest Airlines*:

> We also note, however, that the proper grounds for granting an injunction against action that is the subject matter of a minor dispute under the RLA are extremely narrow.  Such injunctions may issue only where necessary to preserve the jurisdiction of the grievance procedure, or where a disruption of the status quo would result in irreparable injury of such magnitude that it would render any subsequent decision meaningless.

*Id.* (citations omitted) (citing *Int'l Ass'n of Machinists & Aerospace Workers, Airline Distr. 146 v. Frontier Airlines, Inc.*, 664 F.2d 538, 541-42 (5th Cir. Dec. 1981)).

In their reply, plaintiffs add a new argument based on the futility doctrine.  But the Fifth Circuit case on which they principally rely, *Parham v. Carrier Corp.*, 9 F.3d 383 (5th Cir. 1993), does not address the district court's jurisdiction under the RLA over a minor dispute.  It deals instead with an exception to the requirement of § 301 of the Labor Management Relations Act: "In the section 301 context, federal law ordinarily requires a plaintiff to exhaust grievance procedures established in a collective bargaining agreement before filing a claim in court."  *Id.* at 390.  *Parham* does not add a futility exception to the rule noted in *Southwest Airlines*.  And even if the futility exception could apply here, plaintiffs have failed to establish that the proceeding before Arbitrator Bloch is futile.

- 4 -

Because plaintiffs have not satisfied one of the four essential requirements, "the court need not address the remaining three factors."  *Lee,* 2012 WL 6089041, at \*6.

Accordingly, plaintiffs' March 8, 2017 motion for a TRO is denied.

**SO ORDERED**.

March 13, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE